```
                                        FILED
                                    10 AUG 10  AM 10: 15

                                    CLERK, U.S. DISTRICT
                                    SOUTHERN DISTRICT OF CALIF.

                                    BY:                DEPUTY
```

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff/Respondent,<br>vs.<br><br>FRANCISCO JAVIER HERNANDEZ-GUTIERREZ,<br><br>　　　　　　　Defendant/Petitioner. | CASE NO. 09cv0232-BEN<br>　　　　　　　(07cr1493-BEN)<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Docket No. 53] |

## INTRODUCTION

Before the Court is Petitioner Francisco Javier Hernandez-Gutierrez's ("Petitioner's") Motion to Vacate Pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel ("IAC"). For the reasons set forth below, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

On May 24, 2007, Petitioner was arrested for driving a vehicle and aiding in the transport of 10 illegal aliens in an unsafe manner within the Southern District of California. (Docket Nos. 1, 20.) Petitioner later pleaded guilty to violating 8 U.S.C. § 1324 (a)(1)(A)(ii) and (v)(II). (Docket Nos. 1, 20.) The plea agreement contained a waiver stating that Petitioner waived his right to collaterally attack the conviction and sentence "unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this

1 agreement at the time of sentencing or statutory mandatory minimum term, if applicable." *Id.* at ¶ XI.

On November 13, 2007, this Court accepted Petitioner's plea of guilty and sentenced Petitioner to 15 months' custody followed by 3 years of supervised release. (Docket No. 34.) Petitioner was allowed to self-surrender to a designated institution. Opp. [Docket No. 58] Ex. B at 3. Approximately one week before his self-surrender date, however, Petitioner was arrested for yet another 8 U.S.C. § 1324 offense. *Id.* Petitioner later pleaded guilty to this second offense and, as a result, was sentenced to an additional 21 months in custody. *Id.* at 9.

On February 6, 2009, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. The Motion is made on the grounds that Petitioner received ineffective assistance of counsel. Specifically, Petitioner alleges his counsel failed to request, and the Court was silent on whether, the sentences on each offense would run concurrently. Mot. 6.

## DISCUSSION

### A. WAIVER

A waiver provision that bars collateral attack "bars claims of ineffective assistance that do not implicate the validity of the waiver itself." United States v. Racich, 35 F. Supp. 2d 1206, 1218 (S.D. Cal. 1999), *aff'd*, 215 F.3d 1335 (9th Cir. 2000); *see also* United States v. Magueflor, 220 Fed. Appx. 603, 604-05 (9th Cir. 2007). Here, it is unclear whether Petitioner's IAC claim is directed toward his counsel's alleged actions before, during or after signing the plea agreement. Petitioner's Motion appears to be based on events that occurred during the sentencing of the first offense, i.e., in Case No. 07-cr-1493. Accordingly, the Court assumes Petitioner's IAC claim pertains to alleged conduct occurring *after* he signed the plea agreement.

Petitioner's plea agreement states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

(Docket No. 20 at ¶ XI.) The Ninth Circuit regularly enforces knowing and voluntary waivers in negotiated guilty pleas. United States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." Id. at 1068 (citing United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994). When a waiver is a term of the plea agreement and the defendant states he understands the agreement, he has knowingly and voluntarily waived his right to appeal. Michlin, 34 F.3d at 898-99.

The language of Petitioner's plea agreement unambiguously states that, by signing the plea, Petitioner waived his right to collaterally attack his conviction or sentence, including a § 2255 motion. *See* United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam). Petitioner's hand-written initials on each page of the plea agreement and signature at the end of the agreement confirm that the waiver was knowing and voluntary. The Magistrate Judge likewise found that Petitioner's waiver was made knowingly and voluntarily, and that there was a factual basis supporting the plea. (Docket No. 21.) Accordingly, the Court finds Petitioner's waiver was made knowingly and voluntarily and, therefore, is valid.

The exceptions to waiver set forth in plea agreement do not apply. Specifically, the Court did not impose a sentence greater than the high end of the guideline range or the statutory mandatory minimum.[1] (Docket 20 at ¶ XI.) The Court identified the guideline calculations as falling within the range of 15 to 21 months and ultimately adopted the Government's recommendation of 15 months on November 13, 2007. Opp., Ex. A at pgs. 6-7. Therefore, the Court's sentence did not exceed the high end of the guideline range and the exceptions to waiver do not apply.

In light of the above, the Court finds that, pursuant to the plea agreement, Petitioner waived his right to assert an IAC claim. Notwithstanding, the Court denies the Motion for additional and independent reason that Petitioner's IAC claim lacks merit, as detailed below.

**B. INEFFECTIVE ASSISTANCE OF COUNSEL**

The Sixth Amendment provides a general right to effective assistance of counsel for all criminal defendants. Strickland v. Washington, 466 U.S. 668, 688 (1984); United States v.

---

[1] The Court notes that 8 U.S.C. § 1324 (a)(1)(A)(ii) and (v)(II) do not provide a statutory mandatory minimum sentence.

1  Alferahin, 433 F.3d 1148, 1160-61 (9th Cir. 2006).  Pursuant to Strickland, successful IAC claims
2  demonstrate that: (1) the attorney's performance "fell below an objective standard of
3  reasonableness;" and (2) there exists "a reasonable probability that, but for counsel's unprofessional
4  errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 687-88.
5  Petitioner fails to satisfy these elements.

6      First, Petitioner fails to show that his counsel's performance "fell below an objective
7  standard of reasonableness."  Contrary to Petitioner's assertions, the record does not show any
8  confusion over whether the sentences of both Section 1324 offenses should run consecutively:

> PROSECUTOR: . . . I believe the recommendation of both [Petitioner's counsel] and myself would be 21 months for this new offense.
> THE COURT: I see.  Consecutive to the 15 months?
> PROSECUTOR: That would be our recommendation.
> . . .
>
> PETITIONER'S COUNSEL: . . . I would agree with the government's sentencing summary chart, whereby, you would impose a sentence of 15 months on *this case* and 6 months enhancement, because it happened while on release, for a total of 21 months.

15  Opp., Ex. B at 3:21-25; 4:12-15 (emphasis added).  The record clearly shows that Petitioner's
16  counsel was specific about the sentences running consecutively and was specific about the
17  sentences to be imposed under each offense.  The record shows the Court was also specific, stating
18  "I think 21 months is reasonable.  My sentence will be consecutive to the sentence that I imposed in
19  07-cr-1493-BEN."  Opp., Ex. B at 9:16-18.  The Court further noted, "It strikes me as a result of
20  your behavior, instead of doing 15 months in custody, you're going to wind up doing 36 months in
21  custody" *Id.* at 9:2-4.  There is no doubt that Petitioner's sentences were to run consecutively.
22  Accordingly, Petitioner fails to satisfy the first element for an IAC claim.

23      Second, the Court finds Petitioner has failed to show "a reasonable probability that, but for
24  counsel's unprofessional errors, the result of the proceeding would have been different."
25  Strickland, 466 U.S. at 688 and 694.  Petitioner has not alleged any error in his sentences or
26  explained how the proceeding would have been different.  Petitioner fails to address this second
27  element at all.

28      Notwithstanding, to the extent Petitioner alleges an error in his sentence, Petitioner's claim

likewise fails. A district court generally has "broad discretion in choosing to sentence a defendant to a consecutive or concurrent sentence." United States v. Johnson, 40 F.3d 1079, 1082 (10th Cir. 1994); United States v. Rocha-Dozal, 481 F. Supp. 2d 628, 631 (W.D. Tex. 2006). The court's discretion, however, is limited by the United States Sentencing Guidelines § 5G1.3 when a court "seeks to impose a sentence upon a defendant who is subject to an undischarged term of imprisonment." Johnson, 40 F.3d at 1082; Rocha-Dozal, 481 F. Supp. 2d at 631.

As applied here, United States Sentencing Guidelines § 5G1.3(a) provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run *consecutively* to the undischarged term of imprisonment.

U.S. Sentencing Guidelines Manual § 5G1.3(a) (2010) (emphasis added).

Where defendants are subject to an existing undischarged term of imprisonment at the time of sentencing, § 5G1.3 of the Guidelines provides for: "[1] consecutive sentences for cases falling under § 5G1.3(a), [2] concurrent sentences for cases falling under § 5G1.3(b), and [3] concurrent, partially concurrent, or consecutive sentences for cases falling under § 5G1.3(c)." United States v. Fifield, 432 F.3d 1056, 1061-62 (9th Cir. 2005). "The imposition of consecutive sentences is. . . a departure from the Guidelines *only* in cases that fall under § 5G1.3(b)." Fifield, 432 F.3d at 1061-62 (emphasis added). Moreover, Commentary, Application Note 1 clearly states "1. Consecutive sentence--subsection (a) cases. Under subsection (a), the court *shall* impose a consecutive sentence when the instant offense was committed while the defendant was serving an undischarged term of imprisonment or after sentencing for, but before commencing service of, such term of imprisonment." U.S.G.M. § 5G1.3(a) cmt. n.1 (2010) (emphasis added).

Here, Petitioner fails to demonstrate that § 5G1.3(a) and Note 1 do not apply to this case. In light of the above, it is clear the result of the proceedings would have been no different had Petitioner's counsel asked this Court to impose concurrent or consecutive sentences. Accordingly, Petitioner has not demonstrated "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688 and

694. Petitioner's IAC claim, therefore, lacks merit.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

DATED: *Aug 9*, 2010

Hon. Roger T. Benitez
United States District Court Judge